IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA KING, individually and on behalf of the class defined herein, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 3306 Judge Amy J. St. Eve |
| vs. | ) ) | Magistrate Judge Cox |
| RESURGENCE FINANCIAL, LLC, | ) ) | |
| Defendant. | ) | |

## JOINT INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's standing orders, the parties, represented by Cassandra P. Miller for Plaintiff and Todd P. Stelter for Defendant, conferred and, in accordance with that meeting, hereby present the following initial status report.

**1.   Nature of the Case**

   A.   **Attorneys of Record.**

   *For the Plaintiff:*
   Daniel A. Edelman (Lead Attorney)
   Cathleen M. Combs
   James O. Latturner
   Cassandra P. Miller
   EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
   120 S. LaSalle Street, Suite 1800
   Chicago, Illinois  60603
   (312) 739-4200
   (312) 419-0379 (FAX)

   *For Defendant:*
   David M. Schultz (Lead Attorney)
   Todd P. Stelter
   Hinshaw & Culbertson, LLP
   222 North LaSalle Street

    Suite 300
    Chicago, IL  60601-1081
    (312) 704-3000
    (312) 704-3001 (FAX)

  B.  **Bases for Federal Jurisdiction.**  Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and, therefore, this Court has subject matter jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1337, 28 U.S.C. §1367, and 15 U.S.C. §1692 *et seq.* (Fair Debt Collection Practices Act, "FDCPA").

  C.  **Nature of Claims and Counterclaims.**  Plaintiff alleges that Defendant filed suit against them for an alleged debt to which Defendant did not have an assignment that complied with §8b of the Illinois Collection Agency Act ("ICAA") and to which Defendant did not have legal title.  Plaintiff contends that the filing of lawsuits without legally-sufficient title to the debts sued upon is a "false, deceptive, or misleading representation or means in connection with the collection of any debt" (15 U.S.C. §1692e), a "false representation of ... (A) the character, amount, or legal status of any debt" (15 U.S.C. §1692e(2)), a "threat to take any action that cannot legally be taken" (15 U.S.C. §1692e(5)), and "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (15 U.S.C. §1692e(10)), as well as an unfair practice, in violation of 15 U.S.C. §1692f.  Plaintiff further contends that Defendant violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein and "[a]ttempt[ed] or threaten[ed] to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist...." 225 ILCS 425/9.  Finally, Plaintiff contends that the same conduct constitutes an unfair practice within the meaning of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

    Defendant denies liability for the alleged violations.

D.　**Principal Legal Issues.**

    a.　Whether Defendant engaged in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA;

    b.　Whether Defendant engages in a practice of filing lawsuits without having taken legal title to the debt being collected upon;

    c.　Whether such lawsuits are therefore subject to a defense of which Defendant knows or should know about;

    d.　Whether such practice is unfair or deceptive;

    e.　Whether Defendant's failure to attach an assignment to its state court complaints violates the FDCPA, ICAA, and ICFA;

    f.　Whether or not a class should be certified, pursuant to Fed.R.Civ.P. 23; and

    g.　Whether any violations of the FDCPA that may have occurred are excused by the "bona fide error" defense.

**Principal Factual Issues.**

    a.　Steps or procedures Defendant implemented to avoid violations of the FDCPA;

    b.　The number of putative class members as defined by the class definition in the Complaint;

    c.　The net worth of Defendant;

    d.　Facts relating to whether Plaintiff is a proper class representative; and

    e.　Facts relating to whether a class action is a superior method of resolving this dispute.

E.　**Relief Sought by Plaintiff.**　Plaintiff seeks statutory damages for herself, 1% of Defendant's net worth (maximum of $500,000) for the putative class under the FDCPA; nominal, compensatory (including but not limited to filing fees paid by class members and any

amounts paid by class members), punitive damages under the ICAA; actual and punitive damages, and injunctive relief under the ICFA; and attorney's fees.

2. **Pending Motions and Case Plan**

    A. **Pending Motions.** Currently pending is Plaintiff's Motion for Class Certification. The parties propose the following briefing schedule for Plaintiff's Motion for Class Certification: Defendant to file its response no later than December 4, 2008; Plaintiff to reply no later than December 18, 2008.

    B. **Proposed Discovery Plan.**

    1. **Rule 26(a)(1) Disclosures:** August 28, 2008.

    2. **Fact Discovery Completion:** April 1, 2009.

    3. **Expert Discovery Completion:** July 2, 2009.

    4. **Filing Dispositive Motions:** April 29, 2009.

    5. **Filing of a Final Pretrial Order:** September 22, 2009.

    6. **Estimation of When the Case Will Be Ready for Trial:** October 22, 2009.

    7. **Probable Length of Trial.** Three days.

    8. **Whether a Request Has Been Made for a Jury Trial.** Yes.

    9. **Whether There Have Been Settlement Discussions.** Not as yet. Upon receipt of the number of putative class members, Plaintiff is prepared to discuss settlement.

    10. **Whether the Parties Consent to Proceed Before a Magistrate Judge:** The parties do not unanimously consent to proceed before a Magistrate Judge.

Respectfully submitted,

| | |
|---|---|
| s/ Cassandra P. Miller | s/ Todd P. Stelter |
| Daniel A. Edelman | David M. Schultz |
| Cathleen M. Combs | Todd P. Stelter |
| James O. Latturner | HINSHAW & CULBERSTON, LLP |
| Cassandra P. Miller | 222 N. LaSalle, Suite 300 |
| EDELMAN, COMBS, LATTURNER & GOODWIN, LLC | Chicago, IL 60601 |
| 120 S. LaSalle St., Suite 1800 | (312) 704-3000 |
| Chicago, IL 60603 | (312) 704-3001 (FAX) |
| (312) 739-4200 | (Attorneys for Defendants) |
| (312) 419-0379 (FAX) | |
| (Attorneys for Plaintiffs) | |

**CERTIFICATE OF SERVICE**

       I, Cassandra P. Miller, hereby certify that on July 23, 2008, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to the following:

David M. Schultz
Todd P. Stelter
Hinshaw & Culbertson, LLP
222 North LaSalle Street
Suite 300
Chicago, IL  60601-1081

                                            s/ Cassandra P. Miller
                                            Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)